[Cite as *State v. Sims*, 2014-Ohio-3515.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                                    Court of Appeals No. S-13-037

    Appellee                                                Trial Court No. 12 CR 1064

v.

Noel G. Sims                                                  **DECISION AND JUDGMENT**

    Appellant                                              Decided:  August 15, 2014

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Chad D. Huber, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} Appellant, Noel Sims, appeals the judgment of the Sandusky County Court

of Common Pleas, sentencing him to a 60-month prison term for sexual battery.  For the

following reasons, we affirm, in part, and reverse, in part.

## A. Facts and Procedural Background

{¶ 2} On September 12, 2012, appellant was indicted on two counts of sexual battery in violation of R.C. 2907.03(A)(5) and one count of sexual imposition in violation of R.C. 2907.06(A)(4). The charges stemmed from sexual conduct engaged in by appellant with his stepdaughters, who were minors at the time of the activity.

{¶ 3} Following the indictment, appellant entered a plea of not guilty. Thereafter, appellant entered a plea of guilty to one count of sexual battery in exchange for the state's dismissal of the remaining counts. The trial court accepted his plea and found him guilty on the sexual battery charge. The matter was continued for sentencing and a presentence investigation report was ordered.

{¶ 4} On October 16, 2013, a sentencing hearing was held at which the trial court ordered appellant to serve 60 months in prison, the maximum sentence for a violation of R.C. 2907.03(A)(5). Further, the trial court explained that appellant was subject to a mandatory five-year term of postrelease control as a consequence of his conviction. However, the judgment entry that followed incorrectly indicated that appellant was subject to postrelease control for *up to* five years. Appellant now timely appeals his conviction.

## B. Assignments of Error

{¶ 5} On appeal, appellant assigns the follow errors for our review:

2.

A. THE TRIAL COURT ERRED, IN PREJUDICE TO THE APPELLANT, BY IMPOSING A SENTENCE THAT WAS CONTRARY TO LAW AND/OR AN ABUSE OF DISCRETION.

B. WITHIN THE SENTENCING JUDGMENT ENTRY, THE TRIAL COURT ERRED IN APPLYING POST RELEASE CONTROL (PRC) TO APPELLANT SIMS BY IMPROPERLY INFORMING HIM THAT HE WOULD BE SUBJECT TO PRC OF UP TO 5 YEARS.

## II. Analysis

### A. Appellant was Properly Sentenced Under R.C. 2929.11 and 2929.12.

{¶ 6} In his first assignment of error, appellant argues that the trial court erroneously imposed the maximum sentence. Specifically, appellant contends that the trial court failed to consider R.C. 2929.11 and 2929.12 prior to imposing sentence. Appellant supports his position by noting that the sentencing record (both the sentencing transcript and the sentencing entry) is silent as to whether the trial court considered the statutes. He contends that the trial court was required to "at least indicate it has considered the statute[s]."

{¶ 7} The state responds by arguing that the trial court is not required to recite the fact that it considered the statute, so long as the record demonstrates that the statutory factors were considered. The state asserts that the record manifests the trial court's consideration of R.C. 2929.11 and 2929.12.

3.

**{¶ 8}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Tammerine,* 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. Under R.C. 2953.08(G)(2), we may either increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand the matter for resentencing where we clearly and convincingly find that the sentence is contrary to law.

**{¶ 9}** R.C. 2929.11 provides, in relevant part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and

4.

consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 10} Further, R.C. 2929.12 directs trial courts to consider various seriousness and recidivism factors in fashioning a sentence that complies with the purposes and principles of sentencing set forth in R.C. 2929.11.  We have previously stated that "[a] sentencing court is not required to use any specific language to demonstrate that it considered the applicable seriousness and recidivism factors under R.C. 2929.12." *State v. Williams*, 6th Dist. Sandusky No. S-12-039, 2014-Ohio-2693, ¶ 8, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Warren*, 6th Dist. Lucas No. L-07-1057, 2008-Ohio-970, ¶ 9; *State v. Braxton*, 10th Dist. Franklin No. 04AP-725, 2005-Ohio-2198, ¶ 27.  Indeed, the Supreme Court of Ohio has stated:  "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, fn. 4, citing *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.  Thus, the issue before us is whether the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12 in imposing its sentence, not whether the trial court expressly indicated that it did so.

{¶ 11} Upon our review of the record, we conclude that the trial court properly considered the statutory factors set forth in R.C. 2929.11 and 2929.12.  In particular, the court informed appellant at sentencing that "the Court's job is to attempt to protect the

public from future crime and craft an appropriate sentence for the criminal conduct." Further, the court considered the severity of appellant's conduct, stating to appellant: "You impacted the lives of these two girls. You've impacted their lives negatively, instead of presenting the example that a responsible parent would attempt to do." Ultimately, the court concluded that appellant had committed a "very serious offense." In addition, the court noted its review of the presentence investigation report. The report reveals appellant's criminal history, which includes numerous misdemeanors such as domestic violence, assault, obstructing justice, disorderly conduct, and resisting arrest.

{¶ 12} In light of the trial court's statements at sentencing and the material contained in the presentence investigation report, which the trial court expressly considered, we find that the trial court complied with R.C. 2929.11 and 2929.12 prior to imposing appellant's prison sentence. Therefore, we conclude that the sentence is not contrary to law.

{¶ 13} Accordingly, appellant's first assignment of error is not well-taken.

### B. The Trial Court Erred in its Imposition of Postrelease Control.

{¶ 14} In his second assignment of error, appellant argues that the trial court erroneously imposed a term of postrelease control of *up to* five years rather than the *mandatory* term of five years he is obligated to serve. The state concedes that the trial court so erred. We have reviewed the record and find that, while the trial court properly ordered appellant to serve a mandatory five-year term at the sentencing hearing, the sentencing entry mistakenly imposes a postrelease control term of up to five years. Thus,

6.

we remand this action to the trial court so that it may correct the sentencing entry. *See State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 14 ("Because appellant was notified of the proper term of postrelease control at his sentencing hearing and the error was merely clerical in nature, [the trial court] was authorized to correct the mistake by nunc pro tunc entry.").

{¶ 15} Accordingly, we find appellant's second assignment of error well-taken.

### III. Conclusion

{¶ 16} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to the trial court for correction of the sentencing entry to reflect the proper term of postrelease control. Costs are to be split evenly between the parties pursuant to App.R. 24.

Judgment affirmed, in part,<br>
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.              _____
                                                          JUDGE
Stephen A. Yarbrough, P.J.

James D. Jensen, J.                   _____
CONCUR.                                               JUDGE

                                      _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.