[Cite as *State v. Darby*, 2020-Ohio-1236.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                                    Court of Appeals No. S-19-034

      Appellee                                                Trial Court No. 19CR134

v.

Vonnie D. Darby                                          **DECISION AND JUDGMENT**

      Appellant                                               Decided:  March 31, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} Appellant, Vonnie D. Darby, appeals the June 28, 2019 judgment of the Sandusky County Court of Common Pleas, sentencing him to 24 months in prison following his conviction for burglary in violation of R.C. 2911.12(A)(3).  For the reasons that follow, we affirm the trial court's judgment.

# I. Background

{¶ 2} On February 8, 2019, Vonnie D. Darby was indicted on one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the second degree; and one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. The charges arose from appellant's forced entry into a retail store in Fremont, Ohio where he stole a wallet from a purse. Appellant was scheduled to be arraigned on February 15, 2019. At that time, the trial court determined appellant was not eligible for the appointment of counsel. The trial court scheduled a pretrial for March 12, 2019, at which time, appellant was to advise the court of his retention of counsel. Appellant was released on a personal recognizance bond pursuant to R.C. 2937.29.

{¶ 3} Appellant appeared for two subsequent pretrials, with counsel, on March 12 and 22, 2019. The record does not include transcripts of these appearances so it is unclear when appellant actually entered his initial plea to the charges.[1] Nevertheless, appellant appeared with counsel before the trial court for a change of plea hearing on May 6, 2019. Pursuant to a plea agreement, the state moved for the trial court to amend Count 1 to burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. As part of the plea agreement, the state agreed to dismiss Count 2. The trial court granted the state's motion and appellant then entered a guilty plea to the amended Count 1. The

---

[1] The timing of appellant's initial plea is not relevant to the resolution of this appeal. Appellant does not raise any issue regarding his initial plea and any such issues would have been waived by his subsequent guilty plea. *See State v. Kelly*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).

trial court accepted appellant's plea and found him guilty of burglary. The trial court ordered a presentencing investigation and set a sentencing hearing for June 28, 2019.

{¶ 4} At sentencing, appellant acknowledged he had reviewed the presentencing investigation report which recommended a sentence of 36 months in prison. Appellant's only objections to the accuracy of the report were that one of the prior convictions listed was actually dismissed and another offense was committed by his brother. Appellant presented the testimony of two character witnesses in support of his argument for a sentence of community control rather than a prison term. After hearing appellant's statements and witnesses, the trial court sentenced appellant to 24 months in prison. The trial court memorialized appellant's sentence in a judgment entry filed later that same day. Appellant timely appeals from that judgment and assigns a single error for our review:

> The Trial Court's sentence of Vonnie D.Darby ("Appellant") is
> excessive.

## II. Law and Analysis

{¶ 5} Appellant's assignment of error alleges the trial court's imposition of a 24 month prison term was "excessive." Specifically, appellant argues that the trial court failed to impose the minimum sanction necessary to accomplish the goals of felony sentencing established in R.C. 2929.11. We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing

3.

court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2). Appellant's arguments suggest the trial court's judgment was contrary to law in that it violated the purposes of felony sentencing under R.C. 2929.11 and is therefore subject to our review under R.C. 2953.08(G)(2)(b).

{¶ 6} When determining the appropriate sentence, a trial court is required to consider the purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors identified in R.C. 2929.12. In determining appellant's sentence here, the trial court did not make an express reference to the R.C. 2929.12 factors. Further, the trial court's judgment entry does not reference consideration of these factors or the purposes of felony sentencing. However, the trial court is "not obligated to give a detailed explanation of how it algebraically applied each seriousness and recidivism factor to the offender. Indeed, no specific recitation is required." *State v. Brimacombe*, 195 Ohio App.3d 524, 528, 2011-Ohio-5032, 960 N.E.2d 1042 (6th Dist.), citing *State v. Arnett,* 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Even when the record is silent as to the trial court's consideration of these factors, "it is presumed that the trial court gave proper consideration to R.C. 2929.11 and 2929.12[.]" *Yeager* at ¶ 13, citing *State v. Sims,* 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10. The burden is on appellant to rebut this presumption. *Yeager* at ¶ 13*,* citing *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11. As noted in the statute, appellant must

4.

identify clear and convincing evidence to rebut the presumption. *See Williams* at ¶ 7, 9, 11, R.C. 2953.08(G)(2).

{¶ 7} Appellant's sole argument alleging his sentence was contrary to law is that "there is a possibility [he] suffers from 'spontaneous criminal behavior' and that cognitive behavior therapy would help appellant deal with his behavioral problem." Appellant states that because he would like to undergo cognitive behavior therapy for his possible cognitive disorder the trial court should have ordered him to undergo that therapy as a community control sanction instead of imposing a prison term. For that reason, appellant argues, the trial court did not impose the minimum sanction necessary to accomplish the purposes of felony sentencing pursuant to R.C. 2929.11, rendering his sentence contrary to law.

{¶ 8} At appellant's sentencing, the trial court expressed his consideration of the purposes of felony sentencing. The trial court stated "[m]y job is to protect the public from future crimes and impose an appropriate punishment." The trial court reviewed appellant's lengthy criminal history and noted appellant's failure to change his behavior, even after completing a ten year prison term for theft in 2016. The trial court allowed appellant to speak in mitigation and present character witnesses before imposing sentence. Despite appellant's presentation at sentencing, the trial court still determined imprisonment of 24 months to be the appropriate prison term. We presume the trial court properly considered the purposes of felony sentencing and the seriousness and recidivism factors before imposing sentence. *Yeager* at ¶ 13.

5.

{¶ 9} Appellant fails to cite any portion of the record which identifies any evidence, let alone clear and convincing evidence, that the trial court's decision was error. Appellant merely identifies the sentence he wished he had received. There is no evidence in the record to suggest the trial court did not consider the purposes of felony sentencing in imposing a 24 month term of imprisonment, a sentence which is notably less than the sentence the state recommended. As a result, appellant's sentence is not contrary to law and his assignment of error is found not well-taken.

### III. Conclusion

{¶ 10} We find appellant's assignment of error not well-taken. We therefore affirm the June 28, 2019 judgment of the Sandusky County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Arlene Singer, J.
_____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
_____
JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

6.