**[Cite as *State v. Torres*, 2020-Ohio-3906.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals Nos. S-19-044 |
| | S-19-045 |
| Appellee | |
| | Trial Court Nos. 19 CR 433 |
| v. | 19 CR 381 |
| Dominic DL Torres | **DECISION AND JUDGMENT** |
| Appellant | Decided: July 31, 2020 |

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney,
and Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is a consolidated appeal from the judgments of the Sandusky County Court of Common Pleas, convicting appellant following a guilty plea of one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree, and one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (F)(1), a

misdemeanor of the first degree, and sentencing appellant to a total prison term of three years. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} In case No. 19 CR 381, appellant was indicted on one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree. The charge stemmed from an incident on April 21, 2019, during which appellant was found carrying a loaded handgun concealed in his pocket.

{¶ 3} In case No. 19 CR 433, the Sandusky County Grand Jury returned a three-count indictment charging appellant with one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree, one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree, and one count of obstructing official business in violation of R.C. 2921.31(A), a felony of the fifth degree. The charges arose from an incident on May 1, 2019, during which appellant and several other individuals invited the victim to appellant's residence to purchase drugs from the victim. Thereafter, appellant and the others beat and robbed the victim, with one of the individuals holding a knife to the victim's cheek and threatening to kill him.

{¶ 4} On July 22, 2019, appellant entered into an agreement with the state whereby he agreed to plead guilty in case No. 19 CR 381 to the amended count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (F)(1), a misdemeanor of the first degree. In case No. 19 CR 433, appellant agreed to plead guilty to the amended count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third

2.

degree.  In exchange for appellant's guilty plea, the state agreed to dismiss the remaining charges.  After a plea colloquy, the trial court accepted appellant's guilty plea, and referred the matter to the probation department for preparation of a presentence investigation report.

{¶ 5} Sentencing was held on September 18, 2019.  At the sentencing hearing, counsel for appellant noted that appellant was only 18 years old, and that while he had a lengthy juvenile history, a lot of appellant's trouble has been caused by mental health issues for which he is receiving social security disability.  In addition, counsel asserted that appellant was enrolled at Townsend Community School, and his anticipated graduation was June 2020.  Counsel urged the court to allow appellant to be able to finish his high school career and earn a diploma, which would help him become a positive contributor to society.  Counsel further urged the court that if incarceration was necessary, that it be local jail time, and that appellant would be placed on probation to "open [his] eyes" to the seriousness of what was happening.

{¶ 6} Appellant then spoke on his own behalf.  Appellant admitted that he has made mistakes, and expressed some contrition, but he also downplayed the incident, and explained away his history of probation violations as just involving little things.

{¶ 7} Thereafter, the trial court recounted appellant's lengthy juvenile record, which began when appellant was approximately nine years old, and which included 21 probation violations before the age of 18.  The court recognized that its responsibility was to protect the public from future crime and impose an appropriate punishment.  In doing

3.

so, the court found that appellant was not amenable to community control, and the court sentenced appellant to three years in prison on the count of robbery, and six months in jail on the count of carrying a concealed weapon, with those sentences to be served concurrently, for a total prison term of three years. Finally, the court impressed to appellant that this was his chance to change the trajectory of his life, and that appellant's actions have led him to this point.

## II. Assignment of Error

{¶ 8} Appellant has timely appealed his judgments of conviction, and now asserts one assignment of error for our review:

> 1. The Trial Court's sentence of Dominic Torres ("Appellant") is excessive and contrary to Ohio law.

## III. Analysis

{¶ 9} We review the imposition of a felony sentence in accordance with R.C. 2953.08. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

4.

{¶ 10} Here, the statutory findings under R.C. 2953.08(G)(2)(a) are not relevant, thus appellant argues that his sentence is otherwise contrary to law under R.C. 2953.08(G)(2)(b). In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, *abrogated by State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 11} Appellant argues that the trial court did not sentence him in a manner guided by the overriding purposes of felony sentencing set forth in R.C. 2929.11(A), which provides,

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future

5.

crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 12} In this case, the trial court did not expressly recite at the sentencing hearing or in the sentencing entry that it considered the principles and purposes of sentencing under R.C. 2929.11, or the seriousness and recidivism factors under R.C. 2929.12. "It is well-recognized, however, that where the record is silent, there is a presumption that the trial court gave proper consideration to these statutes." *State v. Shell*, 6th Dist. Sandusky No. S-19-015, 2020-Ohio-295, ¶ 19, citing *State v. Adams*, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361 (1988). "[T]he issue before us is whether the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12 in imposing its sentence, not whether the trial court expressly indicated that it did so." *Id.*, quoting *State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10.

{¶ 13} Here, the record demonstrates that the trial court considered both statutes, as evidenced by its acknowledgment that its responsibility is to "protect the public from future crime and impose an appropriate punishment," as well as its desire to impress upon appellant the need to change his ways in light of his lengthy history of noncompliance with probation. Therefore, we hold that appellant's sentence is not clearly and convincingly contrary to law.

{¶ 14} This, however, does not end our analysis because the Ohio Supreme Court has held that even where the sentence is not otherwise contrary to law, we may vacate or modify the term if we find by "clear and convincing evidence that the record does not

6.

support the sentence" upon consideration of R.C. 2929.11 and 2929.12. *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23.

{¶ 15} To that end, appellant argues that the record does not support the sentence, and that it is not the minimum sentence that would effectively rehabilitate him. In support, appellant highlights that he is only 18 years old, and that he is working to pursue his G.E.D. He also notes that he has previously been employed. Finally, appellant emphasizes his mental health issues, and how they have contributed to his history of misconduct. Appellant argues that a term of confinement in a local jail, and being placed on probation with an order to receive mental health treatment, would allow him to continue pursuing his education and employment, which would lead to him becoming a productive member of society.

{¶ 16} Upon our review, we do not find clear and convincing evidence that the record does not support the sentence. Appellant began his problematic behavior when he was only nine years old. Without interruption, he has continued such behavior throughout his juvenile years, committing several additional offenses and approximately 21 probation violations. Appellant's behavior has culminated in the commission of two crimes before his nineteenth birthday, within several days of each other, the former of which involved appellant's possession of a loaded handgun, and the latter of which involved a violent robbery wherein the victim was threatened with a knife. Appellant's conduct has demonstrated that probation has thus far been ineffective in reforming his behavior, and there is now a clear need to protect society from future crimes committed

7.

by him. Therefore, we hold that the record supports the trial court's 36-month prison sentence upon consideration of R.C. 2929.11 and 2929.12.

{¶ 17} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 18} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgments of the Sandusky County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.