[Cite as *State v. Smith*, 2022-Ohio-3170.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Samuel L. Smith

    Appellant

Court of Appeals No.  WD-21-063

Trial Court No.  2020CR0107

**DECISION AND JUDGMENT**

Decided:  September 9, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Robert P. Soto, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant, Samuel Smith, appeals the judgment of the Wood County Court

of Common Pleas, convicting him following a guilty plea to one count of trafficking in

marijuana.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On August 20, 2020, the Wood County Grand Jury entered a two-count indictment against appellant, charging him with one count of trafficking in marijuana in violation of R.C. 2925.03(A)(2) and (C)(3)(d), a felony of the third degree, and one count of possession of marijuana in violation of R.C. 2925.11(A) and (C)(3)(d), a felony of the third degree. The charges arose from a traffic stop where it was discovered that appellant was transporting approximately 2.8 pounds of marijuana.

{¶ 3} Appellant entered an initial plea of not guilty, and the matter proceeded through a number of pretrial hearings. A pretrial hearing was held on October 2, 2020, and a second pretrial hearing was held on November 20, 2020. At the November pretrial hearing, a final pretrial hearing was set for January 19, 2021, and the jury trial was set to begin on February 4, 2021. On January 19, 2021, appellant rejected a plea offer on the record, and the trial was rescheduled to February 24, 2021. One week before the new trial date, on February 17, 2021, appellant filed a motion to continue the trial date, indicating that he may want to retain new or additional counsel. Based upon that motion, the court vacated the trial date and scheduled a pretrial hearing for March 2, 2021. On March 2, 2021, appellant's appearance was waived, and another pretrial hearing was set for March 30, 2021. At the March 30, 2021 hearing, appellant was excused because of Covid-19, but a final pretrial hearing was scheduled for May 18, 2021, with the jury trial to begin on June 16, 2021. On May 18, 2021, the jury trial was confirmed for June 16,

2.

2021. Another pretrial hearing was held on June 2, 2021, and the jury trial date was again confirmed. A plea cut-off date was set for June 9, 2021. On June 11, 2021, appellant filed a motion seeking to vacate the trial date because he was willing to enter into a plea agreement. The trial court vacated the June 16, 2021 trial date, and scheduled a hearing on June 15, 2021, for purposes of accepting appellant's guilty plea.

{¶ 4} At the June 15, 2021 hearing, the state explained that it had originally presented a plea offer to appellant in February 2021. Appellant's trial counsel then connected the prosecutor with appellant's counsel from a separate pending case originating in Columbus, Franklin County, Ohio. The prosecutor stated that he spoke with defense counsel from the Columbus case and explained why he thought that an offer of a recommended sentence of nine months in prison was a proper resolution of the matter. Columbus defense counsel indicated that he would advise appellant to take the plea deal. The prosecutor then drafted the paperwork and sent it to appellant's trial counsel in the present case. Appellant's trial counsel was surprised by what he understood to be a change in the terms of the plea agreement from what it was prior to the state speaking with appellant's Columbus defense counsel. Appellant's trial counsel did not get the impression from the Columbus attorney that any changes were made, and that the Columbus attorney was simply going to advise appellant whether or not to accept the deal. In any event, appellant now expressed his desire not to enter into a plea agreement:

3.

I was aware of the conversation a few months prior to this. They was telling my lawyer I had in Columbus, Ohio, that they was going to see if I can get both of my cases resolved together with probation. That's what he first had told me. That's what my attorney told me. Now he's coming back saying all this other stuff. I never agreed to take on nine months, none of that. I never agreed to none of that.

The trial court, having determined that a plea agreement was not going to be reached, and being unwilling to get involved in the parties' plea negotiations, set the matter for a jury trial on July 21, 2021.

{¶ 5} On July 20, 2021, appellant withdrew his plea of not guilty, and entered a plea of guilty to the count of trafficking in marijuana. In exchange, the state agreed to dismiss the count of possession of marijuana, and to recommend community control sanctions in lieu of prison. The trial court then engaged appellant in a detailed and thorough plea colloquy in which the trial court informed appellant of the nature of the charges he was facing and the potential penalties involved, informed him of the effect of his guilty plea, and informed him of the constitutional rights that he was waiving. At all times, appellant indicated that he understood the information being presented and the rights that he was waiving, and maintained that he wished to enter his plea of guilty. Appellant then acknowledged as true that he was driving the car at the time that it was pulled over, that officers found 2.8 pounds of marijuana inside a black plastic bag on the

4.

floor behind the front passenger seat, and that officers found a wad of cash wrapped with a black rubber band between the passenger seat and the center console. Following this, the trial court accepted appellant's plea and found him guilty of the offense of trafficking in marijuana.

{¶ 6} A presentence investigation was conducted and a report was prepared. In the report, appellant stated that on the day of the offense he had dropped off his cousin in Toledo, Ohio. Appellant claimed that his cousin left his bag in the vehicle, and that appellant was unaware of the bag or its contents. Appellant denied that the marijuana belonged to him. Furthermore, appellant stated that he was prepared to withdraw his guilty plea if he did not receive community control.

{¶ 7} At the sentencing hearing, appellant asserted that he accepted responsibility for his actions, but disclaimed that he had any knowledge that the drugs were in the car. Appellant stated that the prosecutor did not believe him, so he agreed to take whatever he could get out of the plea deal. The prosecutor responded that he had reviewed the videotape of the traffic stop, and the video revealed that when the officers informed appellant that they smelled marijuana in his car and were going to search it, appellant admitted that there was marijuana in the car, that it was in the back seat, and that there was approximately two pounds.

{¶ 8} In light of appellant's declaration of his innocence, and his statement that he would want to withdraw his guilty plea if he was not sentenced to community control, the

5.

trial court allowed appellant to consult with his attorney to determine if he wanted to withdraw his guilty plea before being sentenced. After speaking with his attorney, appellant decided to maintain his guilty plea. The trial court then proceeded to impose a sentence upon consideration of the recommendations of the state and a review of the presentence investigation report. The court ordered appellant to be placed on community control for three years, with a number of conditions, including participation in substance abuse services, employment requirements, and community service. The court further ordered that before all of the other community control conditions began, appellant must enter into and successfully complete the SEARCH program at a community-based corrections facility. Finally, the court ordered appellant to pay the agreed-upon maximum fine of $10,000.

{¶ 9} In the August 25, 2021 judgment entry memorializing appellant's sentence, the trial court stated that it considered the record, all oral statements, the presentence investigation report, and the purposes and principles of sentencing and the seriousness and recidivism factors as set forth in R.C. 2929.11 and 2929.12. As it pertains to the SEARCH program, the trial court ordered that appellant was to report on September 15, 2021.

{¶ 10} Shortly after the sentencing entry was journalized, appellant moved to modify his sentence, and to suspend the sentence pending appeal. Appellant requested that he be sentenced to outpatient treatment as opposed to the in-patient SEARCH

6.

program. The trial court denied appellant's motion on August 26, 2021. The next day, appellant filed a second motion to modify his sentence, seeking to be released from custody in the Wood County Jail until a bed opened up in the SEARCH program. Several days later, on August 31, 2021, appellant filed a third motion to modify his sentence, again seeking to be permitted to complete an outpatient program and be sentenced to home confinement with GPS monitoring. On August 31, 2021, the trial court entered a nunc pro tunc sentencing entry ordering appellant to begin the SEARCH program as soon as a bed becomes available. That same day, appellant entered the SEARCH program. The trial court thereafter denied appellant's second and third motions to modify as moot.

## II. Assignments of Error

{¶ 11} Appellant has timely appealed his judgment of conviction, and now asserts two assignments of error for our review:

1. The trial court abused its discretion and committed reversible error in accepting the defendant's plea despite clear evidence that it was not accepted voluntarily, knowingly, and intelligently.

2. The trial court imposed a sentence contrary to law and abused its discretion in imposing a sentence.

7.

## III. Analysis

## A. Knowing, Intelligent, and Voluntary Plea

{¶ 12} In his first assignment of error, appellant argues that his plea was not knowingly, intelligently, and voluntarily made.

{¶ 13} A guilty plea must be knowingly, intelligently, and voluntarily made to be valid under both the United States and Ohio Constitutions. *State v. Whitman*, 2021-Ohio-4510, 182 N.E.3d 506, ¶ 14 (6th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "To ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, the trial court is required to engage a defendant in a plea colloquy pursuant to Crim.R. 11." *Id.*, quoting *State v. Petronzio*, 8th Dist. Cuyahoga No. 109823, 2021-Ohio-2041, ¶ 5; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25-26.

{¶ 14} Crim.R. 11(C)(2) provides:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

8.

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 15} In support of his assignment of error, appellant does not take issue with the content of the Crim.R. 11 colloquy, but rather argues that the trial court failed to address the circumstances surrounding the plea. In particular, appellant argues that throughout the proceedings he expressed indecisiveness, having engaged in a number of plea negotiations that fell through before he ultimately entered into a plea agreement on

9.

July 20, 2021. Furthermore, appellant argues that his indecisiveness continued, and manifested itself at the sentencing hearing where appellant continued to maintain his innocence.

{¶ 16} Upon review, we find that the record in this case very clearly demonstrates that appellant was fully informed of the details of his case and the consequences of his plea, and that he voluntarily chose to enter into a plea agreement once he received the state's recommendation that he be placed on community control. During the plea colloquy, appellant engaged with the court whenever he had questions, such as the amount of the fine that he would be required to pay, and indicated his agreement after additional explanation. At the end of the colloquy, the trial court summarized:

THE COURT: * * * Now, the Court has reviewed all of the potential penalties, all of the constitutional rights you're waiving and all of the other implications of your plea. Is it still your desire to proceed forward with this plea?

THE DEFENDANT: Yes, sir.

THE COURT: Is that your personal decision?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone threatened you to enter this plea?

THE DEFENDANT: No, sir.

10.

THE COURT: Has anyone promised you anything special to enter this plea?

THE DEFENDANT: No, sir.

THE COURT: Okay. Are you under the influence of any alcohol or drugs today?

THE DEFENDANT: No, sir.

THE COURT: Are you satisfied with the advice and counsel of your attorney, Mr. Soto?

THE DEFENDANT: Yes, sir.

THE COURT: Is everything I've told you consistent with what Mr. Soto has told you?

THE DEFENDANT: Yes, sir.

The fact that appellant had previously expressed uncertainty over whether to accept a plea agreement with different terms in the months prior does not invalidate the clear and sober decision that appellant made to accept the plea agreement presented at the plea hearing on July 20, 2021.

{¶ 17} Furthermore, we do not find persuasive appellant's intimation that his plea was not knowing, intelligent, and voluntary because he consistently maintained his innocence throughout the proceedings. While being sensitive to appellant's initial plea of not guilty, we note that appellant did not outwardly claim innocence during the eleven

months of pretrial hearings, and only did so for the first time during the presentence investigation, which he then repeated at his sentencing hearing.  In light of this new claim, the trial court paused the sentencing proceedings, and gave appellant time to consult with his attorney regarding whether he wished to withdraw his guilty plea prior to being sentenced.  Ultimately, appellant elected not to do so.  We find that throughout the proceedings appellant was afforded every opportunity to decide whether to accept a plea deal or proceed to trial.  Appellant chose the former, and stayed with that decision even when given an opportunity to change his mind before being sentenced.  Therefore, we hold that the trial court did not err when it accepted appellant's guilty plea as being knowingly, intelligently, and voluntarily made.

{¶ 18} Accordingly, appellant's first assignment of error is not well-taken.

### B. Sentencing

{¶ 19} In his second assignment of error, appellant challenges the imposition of his sentence.  We review the imposition of a felony sentence in accordance with R.C. 2953.08.  *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings
>
> under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

12.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶ 20}** In this case, the statutory findings under R.C. 2953.08(G)(2)(a) are not at issue. Instead, appellant argues that his sentence is contrary to law under R.C. 2953.08(G)(2)(b) because the trial court failed to expressly state at the sentencing hearing that it considered the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12.

**{¶ 21}** When sentencing a defendant, "the court must carefully consider the statutes that apply to every felony case," including "R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. Notably, "the issue before us is whether the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12 in imposing its sentence, not whether the trial court expressly indicated that it did so." *State v. Shell*, 6th Dist. Sandusky No. S-19-015, 2020-Ohio-295, ¶ 19, quoting *State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10. To that end, "[i]t is well-recognized * * * that where the record is silent, there is a presumption that the trial court gave proper consideration to these statutes." *Id.*, citing *State v. Adams*, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361 (1988).

13.

{¶ 22} Here, appellant argues that the trial court expressly stated that it considered the presence report and the state's recommendation prior to imposing a sentence, but did not expressly state that it considered R.C. 2929.11 and 2929.12, which suggests that the court did not consider those statutes. We disagree, and find that the simple fact that the court expressly listed some of its considerations, but failed to include R.C. 2929.11 and 2929.12 in that list, does not overcome the presumption that the trial court considered those statutes.

{¶ 23} Furthermore, the record demonstrates that the trial court considered both statutes. As noted by appellant, defense counsel addressed many of the factors in R.C. 2929.11 and 2929.12 at the sentencing hearing. The trial court considered those statements, as well as the information in the presence investigation report, at the sentencing hearing. In addition, the trial court expressly stated in its sentencing entry that it considered the R.C. 2929.11 and 2929.12 factors. Therefore, we cannot clearly and convincingly find that the trial court did not consider R.C. 2929.11 and 2929.12 such that appellant's sentence is contrary to law. *See State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15, 12-16-16, 2017-Ohio-2920, ¶ 13 (sentence upheld where trial court did not reference R.C. 2929.11 and 2929.12 at the sentencing hearing, but referenced the presence investigation report, victim impact statements, and the defendant's statements, and where the trial court expressly stated in the sentencing entry that it considered R.C. 2929.11 and 2929.12); *State v. Lancaster*, 12th Dist. Butler No.

14.

CA2007-03-075, 2008-Ohio-1665, ¶ 4 (sentence upheld where trial court did not reference R.C. 2929.11 and 2929.12 at the sentencing hearing, but included them in the sentencing entry).

{¶ 24} Appellant separately argues that the trial court erred when it made an additional order in the sentencing entry regarding the start date of the SEARCH program that was not articulated at the sentencing hearing. Appellant also argues that the court erred when it entered a nunc pro tunc entry changing that start date.

{¶ 25} As to the first part of appellant's argument, we note that a court speaks through its journal. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12. We also note that Crim.R. 43 requires that a defendant must be physically present at every stage of the criminal proceeding, including the imposition of sentence. In this case, appellant was present at sentencing when the trial court ordered him to complete the SEARCH program as the first part of his sentence. The identification of a specific start date in the subsequent sentencing entry was merely the inclusion of a mechanical part of the judgment. Therefore, we hold that the sentencing entry—which included a start date of September 15, 2021 for the SEARCH program—was not contrary to law.

{¶ 26} As to the second part of his argument, "nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner*,

74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995); *State v. Merer*, 6th Dist. Wood No. WD-20-015, 2021-Ohio-1553, ¶ 14. In this case, the trial court used a nunc pro tunc entry to change the start date of the SEARCH program from September 15, 2021, to "as soon as a bed becomes available." It appears that the trial court was not simply changing the entry to reflect what it had actually decided. Nevertheless, appellant does not argue that he suffered any prejudice from this change, and we likewise find no prejudice, as it allowed appellant to begin the SEARCH program immediately on August 31, 2021, instead of waiting another two weeks. As such, any error by the trial court was harmless. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."); *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 24 ("Crim.R. 52(A), the harmless-error rule, was created in essence to forgive technical mistakes.").

**{¶ 27}** Accordingly, having held that appellant's sentence is not contrary to law and appellant has not suffered any prejudicial error, we find appellant's second assignment of error not well-taken.

## IV. Conclusion

**{¶ 28}** For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.