[Cite as *State v. Magee*, 2019-Ohio-1921.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                         Court of Appeals No.  S-18-029

      Appellee                                       Trial Court No.  16CR987

v.

Christopher L. Magee                          **DECISION AND JUDGMENT**

      Appellant                                      Decided:  May 17, 2019

* * * * *

Timothy F. Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Christopher Magee, appeals the July 31, 2018 judgment of the Sandusky County Court of Common Pleas sentencing him to 36 months in prison following a community control violation.  For the following reasons, we reverse.

## I.    Background and Facts

{¶ 2} On December 14, 2016, Magee was indicted on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), [1] a third-degree felony; one count of resisting arrest in violation of R.C. 2921.33(A), a second-degree misdemeanor; and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony.  The charges stemmed from Magee fleeing a traffic stop on a motorcycle, attempting to run inside a bar when officers tried to arrest him, and swallowing marijuana that he had on his person at the time of his arrest.

{¶ 3} On April 10, 2017, Magee pleaded guilty to the resisting arrest charge and to amended charges of attempted failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and 2923.02(A) and attempted tampering with evidence in violation of R.C. 2921.12(A)(1) and 2923.02(A), both fourth-degree felonies. The trial court accepted Magee's pleas and found him guilty.

{¶ 4} On June 5, 2017, at the sentencing hearing, after noting Magee's lengthy criminal history and (in the context of "looking for responsible behavior") stating that Magee had fathered several children out of wedlock, the trial court sentenced him to a 5-year term of community control on certain conditions, including the condition that Magee

---

[1] Effective March 22, 2019, Ohio's criminal statutes were extensively amended by 2017 S.B. No. 201.  None of the amendments are applicable to Magee's case, however, so all of our citations to the Revised Code refer to the former versions of the statutes that are applicable to Magee's crimes.

not use or possess any controlled substances.  The court warned Magee that it would impose prison terms of 18 months on each of the felony counts and order them served consecutively if Magee violated the terms of his community control.  The trial court did not make any findings under or reference R.C. 2929.11, 2929.12, or 2929.14 either at the sentencing hearing or in the sentencing entry.

{¶ 5} On July 11, 2018, the Sandusky County adult probation department charged Magee with violating the terms of his community control by testing positive for cocaine on March 12, 2018, and admitting to using marijuana on February 7 and March 1, 2018. The court held a hearing on the violation on July 20, 2018.  At the hearing, Magee admitted to the community control violations.  The trial court revoked his community control and sentenced him to 18 months in prison on the attempted failure to comply conviction and 18 months in prison on the attempted tampering with evidence conviction. The court ordered the sentences to be served consecutively for an aggregate prison term of 36 months.  Again, the trial court did not make any findings under or reference R.C. 2929.11, 2929.12, or 2929.14 either at the sentencing hearing or in the July 31, 2018 sentencing entry.

{¶ 6} Additionally, although Magee's attorney (apparently referring to the recently-enacted provisions of R.C. 2929.15(B)(1)(c)) told the trial court that "the Court may be limited to on [sic] a probation violation in a felony of the fourth degree a limited number of months of incarceration under new State sentencing guidelines * * *," the trial

3.

court did not address the applicability of R.C. 2929.15(B)(1)(c)(ii) to Magee's case. The trial court also incorrectly characterized the sentence it imposed in June 2017—saying that Magee was "sentenced to 36 months prison, consecutive—two 18 month sentences, consecutive, suspended, on the condition that you comply with the terms of Community Control"—and then imposed "the balance of the original sentence * * *."

{¶ 7} Magee now appeals, raising two assignments of error:

> 1. The Trial Court's sentence of Christopher L. Magee ("Appellant") is excessive.
>
> 2. The Trial Court's sentence of Appellant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution insofar as the Trial Court based its original sentence in part upon Appellant siring offspring outside of the bonds of matrimony.

## II.     Law and Analysis

{¶ 8} Magee's assignments of error both relate to his prison sentence. He first argues that the trial court imposed an excessive sentence and erred by failing to consider the principles and purposes of sentencing in R.C. 2929.11. In his second assignment of error, he claims that the trial court acted vindictively and violated his due process rights by imposing a harsher sentence based on Magee fathering children out of wedlock. In response, the state argues that Magee cannot challenge his sentence because he was

4.

required to—but did not—appeal the prison sentence in 2017, when the trial court placed him on community control. We address each issue in turn.

## A. The State's Argument

{¶ 9} As a threshold matter, we disagree with the state's assessment that Magee is barred from appealing his prison sentence. When a trial court places a defendant on community control and, pursuant to R.C. 2929.19(B)(4), warns the defendant of the potential prison term that the court can impose if the defendant violates community control, the prison term is not immediately appealable. *State v. Johnson*, 6th Dist. Lucas No. L-04-1120, 2005-Ohio-319, ¶ 8. Instead, the prison term is ripe for review only after the defendant violates community control and the trial court actually imposes the prison sentence. *Id. Compare, e.g., State v. Baker*, 152 Ohio App.3d 138, 2002-Ohio-7295, 787 N.E.2d 17, ¶ 20 (7th Dist.) (a prison sentence is immediately appealable when the court imposes an actual prison term but then suspends the sentence and places the defendant on community control).

{¶ 10} Here, although the trial court's 2018 sentencing entry stated that Magee was "ordered to serve remaining [sic] balance of the previously suspended sentence * * *," the trial court did not impose and suspend a prison term at Magee's 2017 sentencing. The transcript from the 2017 sentencing hearing and the 2017 sentencing entry both show that the trial court sentenced Magee directly to community control sanctions and that the trial court's advisement about the prison term that it would impose if Magee violated

5.

community control was the warning required by R.C. 2929.19(B)(4). Thus, Magee's complaints about his prison sentence were not ripe for review following his 2017 sentencing, and Magee was not required (or permitted) to appeal the prison term at that time. Magee filed a timely appeal from the 2018 sentencing entry, so we can review his arguments relating to his prison sentence.

## B. Failure to Comply with R.C. 2929.11

{¶ 11} Magee first argues that the trial court erred by imposing an excessive sentence and disregarding R.C. 2929.11.

{¶ 12} We review sentencing challenges under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

{¶ 13} A sentence is not clearly and convincingly contrary to law where the trial court sentences the defendant within the statutorily permissible range, properly applies

6.

postrelease control, and considers the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18; *see also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16 (recognizing that, although sentences are reviewed pursuant to R.C. 2953.08 and not under the abuse of discretion standard announced in *Kalish*, an appellate court can still use *Kalish* to guide its determination of whether a sentence is clearly and convincingly contrary to law).

{¶ 14} If the appellate court finds that a sentence is not clearly and convincingly contrary to law, it may vacate or modify the sentence "only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶ 15} Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* The sentence imposed shall be reasonably calculated to achieve these overriding purposes, "commensurate with and not demeaning to the

7.

seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Although the statute requires the trial court to impose "the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources," this does not mean that the court must impose the statutory minimum sentence. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 18. To the contrary, "the trial court ha[s] full discretion to impose any sentence within the authorized statutory range * * *." *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 6.

{¶ 16} Additionally, even when the record is silent, a trial court's "consideration of the appropriate factors set forth in R.C. 2929.11 can be presumed unless the defendant affirmatively shows to the contrary." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243. For an appellate court to find error, the defendant must present evidence to rebut this presumption. *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11. Thus, the issue on appeal is whether the record demonstrates that the trial court considered R.C. 2929.11 in imposing its sentence, *not* whether the trial court expressly indicated that it did so. *State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10.

{¶ 17} Here, Magee claims—without citing any supporting evidence from the record—that the trial court failed to consider, under R.C. 2929.11, the minimum

8.

sanctions necessary to protect the public from future crime by Magee and did not craft a sentence that was reasonably calculated to rehabilitate Magee. This is insufficient to rebut the presumption that the trial court properly considered the factors in R.C. 2929.11. Moreover, the court's explanation for its sentence shows that it determined that the best way to rehabilitate Magee and prevent him from committing future crimes was a prison term:

> You know, I—not trying to be difficult here, but we've given— given you a lot of opportunity here to succeed, and you don't want to seem to help yourself. I—I appreciate the addictions, but there are so many avenues that you would go down to address the question, the issue, and you just—you won't take the bait. * * * You were sentenced to 36 months prison, consecutive—two 18 months sentences consecutive, suspended, on the condition that you comply with the terms of Community Control.[2] I would think that would have been some incentive to you to attempt to turn it around. * * * I have to maintain credibility with my sentencing.

{¶ 18} Because Magee failed to point to any evidence to the contrary, we conclude that he has failed to rebut the presumption that the trial court properly considered the factors in R.C. 2929.11. His first assignment of error is not well-taken.

---

[2] We again note that the trial court did not, in fact, sentence Magee to prison in June 2017 and suspend the sentence, but sentenced him directly to community control sanctions.

### C. Vindictive Sentence

**{¶ 19}** In his second assignment of error, Magee argues that his sentence is contrary to law because the trial court vindictively imposed a harsher sentence due to Magee fathering children out of wedlock. We disagree.

**{¶ 20}** A sentence that is vindictively imposed on a defendant because he exercised a constitutional right is contrary to law. *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 8. When reviewing a sentence for vindictiveness, we begin by presuming that the trial court considered the proper sentencing criteria. *Id.* at ¶ 19. We then review the record for evidence of actual vindictiveness. *Id.* "We will reverse the sentence only if we clearly and convincingly find the sentence is contrary to law because it was imposed as a result of actual vindictiveness on the part of the trial court." *Id.*, citing R.C. 2953.08(G)(2) and *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 1.

**{¶ 21}** Here, our review of the record does not show any evidence of vindictiveness. To support his argument, Magee relies entirely on statements that the trial court made at the June 2017 sentencing hearing—at which it imposed community control sanctions. While reviewing the presentence investigation report (and after noting that Magee had "at least 22 entries" on his criminal record and admitted to drinking and smoking marijuana between his plea and sentencing hearings), the trial court stated,

10.

You got four children out of wedlock, and you're about 5,000 [sic] in arrears on your child support, and then you just got another gal pregnant who just had a miscarriage. I mean, don't you—I'm—I'm looking for responsible behavior and I don't see any.

The court then sentenced Magee to community control.

{¶ 22} Magee argues that this statement shows that the court sentenced him based on his decision to exercise his constitutional right to have children while also declining to exercise his constitutional right to marry. We disagree. Nothing in the court's statement shows that it intended to punish Magee because he had children without marrying the children's mothers. At worst, it was an "intemperate" statement. But such statements—without more—are not evidence of actual vindictiveness. *State v. Satchel*, 2018-Ohio-623, 106 N.E.3d 323, ¶ 24 (6th Dist.), citing *Rahab* at ¶ 27. And Magee does not point to anything more in the record that supports his claim.

{¶ 23} When read in the context of the trial "looking for responsible behavior" in Magee's PSI and in conjunction with the rest of the evidence in the record, we find that the court's statement about Magee having children without being married is not evidence of vindictiveness. Notably, the trial court sentenced Magee to community control at the hearing where it referred to Magee's children. The court did not send Magee to prison until a year later, following a hearing at which the court did not refer to Magee's children or marital status at all. Rather, the transcript of the July 2018 sentencing hearing shows

11.

that the trial court based its decision to send Magee to prison on his failure to take advantage of the services available to him through community control. In short, the record does not support Magee's contention that the trial court sentenced him based on animus. Therefore, Magee's second assignment of error is not well-taken.

### D. Consecutive Sentences

**{¶ 24}** Although Magee did not assign the trial court's imposition of consecutive sentences as error, our review of the record shows that the trial court committed plain error and that Magee's sentence must be vacated.

**{¶ 25}** Plain error is error that affects an appellant's substantial rights. Crim.R. 52(B). An appellate court "may recognize plain error, sua sponte, to prevent a miscarriage of justice." *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 66 (8th Dist.); *State v. Slagle*, 65 Ohio St.3d 597, 604, 605 N.E.2d 916 (1992) (recognizing that Crim.R. 52(B) allows an appellate court to sua sponte consider a trial error to which the appellant did not object). Plain error should be found "only in exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Hill*, 92 Ohio St.3d 191, 203, 749 N.E.2d 274 (2001), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. "[A] trial court's failure to make the findings required by R.C. 2929.14(C)(4) renders an appellant's sentence contrary to law and constitutes plain error." *State v. Waxler*, 2016-Ohio-5435, 69 N.E.3d 1132, ¶ 8 (6th Dist.), citing *State v. Morgan*, 10th Dist. Franklin No. 13AP-620, 2014-Ohio-5661, ¶ 51;

12.

*see also Vinson* at ¶ 71 (sua sponte finding plain error in the trial court's imposition of consecutive sentences when "the record clearly and convincingly demonstrates that the trial court failed to make all of the findings required under R.C. 2929.14(C)(4) before imposing consecutive sentences * * *.").

{¶ 26} Before imposing consecutive sentences, a trial court is required to make three findings: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender * * *;" (2) imposition of consecutive sentences is not "disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *;" and (3) one of the factors in R.C. 2929.14(C)(4)(a)-(c) applies. R.C. 2929.14(C)(4). Subsections (a)-(c) permit the trial court to impose consecutive sentences if: (a) the defendant committed at least one of the offenses while awaiting trial or sentencing or while on community control or postrelease control; (b) the defendant committed at least two offenses as part of a course of conduct and caused harm "so great or unusual that no single prison term for any of the offenses * * * adequately reflects the seriousness of the offender's conduct;" or (c) the defendant's criminal history shows that consecutive sentences are necessary to protect the public from future crime by the defendant. A sentencing court must make its findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate them into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. In the context of a community control violation, compliance with *Bonnell* requires the trial court to make its

13.

findings under R.C. 2929.14(C)(4) during the hearing at which it revokes the defendant's community control and sentences him for the community control violation and to include its findings in the sentencing entry related to the community control violation. *State v. Duncan*, 2016-Ohio-5559, 61 N.E.3d 61, ¶ 42 (12th Dist.), citing *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17, *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 15, and R.C. 2929.15(B).

**{¶ 27}** The record here shows that the trial court did not make the findings required by R.C. 2929.14(C)(4) on the record at the July 2018 sentencing hearing or in its sentencing entry. Thus, we find that the trial court committed plain error by imposing consecutive sentences, making Magee's sentence contrary to law.

### III.    Conclusion

**{¶ 28}** Based on the foregoing, the July 31, 2018 judgment of the Sandusky County Court of Common Pleas is reversed, Magee's sentence is vacated, and this case is remanded to the trial court for proceedings consistent with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
              JUDGE

Thomas J. Osowik, J.

             _____
Christine E. Mayle, P.J.      JUDGE
CONCUR.

             _____
              JUDGE

15.