[Cite as *State v. Perkins*, 2020-Ohio-1162.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-19-026

    Appellee                             Trial Court No. 18 CR 184

v.

Dominic Perkins                            **DECISION AND JUDGMENT**

    Appellant                            Decided: March 27, 2020

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**MAYLE, J.**

**Introduction**

{¶ 1} Defendant-appellant, Dominic Perkins, appeals the July 1, 2019 judgment of

the Ottawa County Court of Common Pleas, convicting him of complicity to commit

aggravated robbery and sentencing him to a prison term of eight years, to be served

consecutively to a term of imprisonment imposed in Sandusky County. For the reasons that follow, we reverse the trial court judgment and remand for resentencing.

## Background

{¶ 2} On May 15, 2019, Perkins entered a plea of guilty to complicity to commit aggravated robbery, in violation of R.C. 2923.03(A)(2)(F) and 2911.01(A)(1)(C), a felony of the first degree. According to the record, Perkins "active[ly] participa[ted]" with four associates in a robbery in Port Clinton, Ohio. Later, all five assailants were apprehended, but Perkins "escaped custody [while in] handcuffs." Perkins was arrested after a picture of the handcuffs was posted on social media.

{¶ 3} At the time of his July 1, 2019 sentencing hearing, Perkins had begun serving a prison term with respect to a separate conviction for "violence and arson" in Sandusky County. In the instant case, the trial court sentenced Perkins to serve eight years in prison, to be served consecutively to the term of imprisonment imposed in Sandusky County. Perkins appealed and assigns the following error for our review:

> The Trial Court's sentence of Dominic Perkins ("Appellant")
>
> violates R.C. § 2929.14(C)(4)—and is thus contrary to law—insofar as the
>
> Trial Court did not making [sic] appropriate findings of fact for Appellant
>
> to be sentenced in a consecutive manner.

## Law and Analysis

{¶ 4} We review a felony sentence under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081,

2.

2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 5} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

3.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 6} A sentencing court must make its findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate them into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. *See also State v. Magee*, 6th Dist. Sandusky No. S-18-029, 2019-Ohio-1921, ¶ 24-27 (Recognizing plain error, sua sponte, where the trial court imposed consecutive sentences without making the findings required by R.C. 2929.14(C)(4) on the record at sentencing or in its sentencing entry).

In this case, the trial court explained its reasoning for imposing an eight-year prison term:

You are right [Mr. Perkins]. We have all made mistakes. We have all done regrettable things in our life. This was a pretty major regrettable thing, but I also look back and see theft of a motor vehicle, breaking and entering, and theft and arson and escape. It seems like a pattern of really bad decisions. * * *

4.

As to Count 1, you are sentenced to a prison sentence of eight years. That prison term is ordered served consecutive to the sentence in Sandusky County.

{¶ 7} In its July 1, 2019 judgment entry, the trial court "sentenced [Perkins] to a prison term of eight (8) years in the Ohio Department of Rehabilitation and Corrections. This term shall be served consecutive to the sentence in Sandusky County."

{¶ 8} In his sole assignment of error, Perkins argues that his sentence is contrary to law because the trial court failed to make all the findings required by R.C. 2929.14(C)(4) before imposing consecutive prison terms. Specifically, Perkins complains that, at hearing, the trial court "did not find that a consecutive term of imprisonment is necessary to protect the public from future crimes or to punish [Perkins] * * * [or] find that a consecutive sentence is [not] disproportionate to the seriousness of [Perkins'] conduct and to the danger which [he] poses to the public." Upon review, we note that the trial court also failed to make any reference or findings under subsections (a), (b), or (c). Also, the trial court made none of the statutory findings in support of consecutive sentences in its judgment entry.

{¶ 9} The state concedes the error and further concedes that the case must be remanded to the trial court for resentencing.

{¶ 10} We agree. Because the trial court failed to make all the findings required by R.C. 2929.14(C)(4) and failed to incorporate any of its findings into the July 1, 2019 sentencing entry, we find that Perkins' sentence was contrary to law. Therefore, we

5.

reverse the trial court judgment and remand this case to the trial court for the limited purpose of resentencing.

## Conclusion

{¶ 11} The trial court failed to make all of the findings required by R.C. 2929.14(C)(4), and it failed to incorporate any of its findings into its sentencing entry. Therefore, we find Perkins' assignment of error well-taken. We reverse the July 1, 2019 judgment of the Ottawa County Court of Common Pleas, and we remand this matter to the trial court for resentencing. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                            JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, J.          _____
CONCUR.                                     JUDGE

                                  _____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.