[Cite as *State v. Watson*, 2020-Ohio-4705.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

James Michael Watson

    Appellant

Court of Appeals Nos. L-19-1126
L-19-1127

Trial Court Nos. CR0201702617
CR0201802829

**DECISION AND JUDGMENT**

Decided: September 30, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} In this consolidated appeal, appellant, James Watson, appeals the May 17, 2019 judgments of the Lucas County Court of Common Pleas sentencing him to eight years and nine months in prison.

{¶ 2} On October 11, 2017, in Lucas County Court of Common Pleas case No. CR0201702617, appellant entered guilty pleas to three counts of theft, in violation of R.C. 2913.02(A)(1) and (B)(2). He was subsequently sentenced to four years of community control, six months in the Correctional Treatment Facility and ordered to successfully complete the program and aftercare, with 11 months of incarceration at the Ohio Department of Corrections and Rehabilitation held in reserve, for a total reserve term of 33 months.

{¶ 3} On October 5, 2018, while still under the community control sanction, appellant was indicted in Lucas County Court of Common Pleas case No. CR0201802829 for aggravated robbery, in violation of R.C. 2911.01(A)(1) and (C), a felony of the first degree, with a specification pursuant to R.C. 2941.145(A), (B), (C) and (F) and abduction, in violation of R.C. 2905.02(A)(2) and (C), with a specification pursuant to R.C. 2941.145(A), (B), (C) and (F), a felony of the third degree.

{¶ 4} On April 18, 2019, appellant pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, to an amended charge of robbery, in violation of R.C. 2911.02(A)(1) and (B), a felony of the second degree.

{¶ 5} On May 16, 2019, appellant admitted to the community control violation. Appellant was then sentenced to 11 months incarceration at the Ohio Department of Corrections and Rehabilitation on each count, to be served consecutively.

2.

{¶ 6} In case No. CR0201802829, appellant was sentenced to six years of incarceration. This sentence was also to be served consecutively to the 33 months in case No. CR02017026176 for a total aggregate term of incarceration of 105 months.

{¶ 7} Appellant presents two assignments of error:

1. Appellant's sentence should be vacated due to the Trial Court's failure to comply with the directives of R.C. 2929.11 and 2929.12.

2. The Trial Court erred in ordering consecutive sentences because the record does not support a finding required under R.C. 2929.14(C)(4)(b).

{¶ 8} We will address the second assignment first. Appellant correctly notes that, as an appellate court, we review sentencing challenges under R.C. 2953.08(G)(2). Pursuant to that statute, an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 9} Appellant does not dispute that any of the sentences imposed in either case were not within the statutory range pursuant to R.C. 2929.14(A)(2)(b). He also does not argue that either of the individual sentences imposed in each count in each case are not

3.

commensurate with the principles and purposes of felony sentencing under R.C. 2929.11 or 2929.12.

{¶ 10} Instead, appellant challenges the aggregate overall length of his sentence because of the consecutive nature of their imposition. Appellant does not argue that the trial court failed to make the appropriate findings required for imposition of consecutive sentences.

{¶ 11} R.C. 2929.14(C)(4) mandates that before a trial court can impose multiple prison terms in a consecutive manner, the court must find that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

4.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} At sentencing, the court made the following statement:

The Court has considered the record, oral statements, letters that I've received, victim impact statement, PSI prepared, as well as the principles and purposes of sentencing under Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Revised Code 2929.12"

{¶ 13} The sentencing entry for case No. CR0201802829 also contains the following language:

Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentences are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant was on community control, and the harm caused was great or unusual such that no single prison term is adequate, therefore the sentence is ordered to be served consecutive to the sentence in CR17-2617.

{¶ 14} We have held that the trial court is not required to cite any magic or talismanic words when imposing consecutive sentences provided it is clear from the record that the trial court engaged in the appropriate analysis. *State v. Gessel*, 6th Dist.

5.

Williams No. WM-19-004, 2020-Ohio-403. The record must contain evidence to support the trial court's findings. *State v. McKinney*, 6th Dist. No. L-19-1033, 2020-Ohio-3547.

{¶ 15} Here, the trial court referenced appellant's criminal conduct, whose history also demonstrates a repeated failure to abide by court-ordered sanctions aimed at his rehabilitation. Therefore, the trial court engaged in an analysis of appellant's criminal conduct and the record supports the trial court's conclusion that consecutive sentences are necessary to protect the public from future crime by the appellant.

{¶ 16} The trial court must make the necessary statutory findings at the sentencing hearing and in the sentencing entry. *State v. Magee*, 6th Dist. Sandusky No. S-18-029, 2019-Ohio-1921, ¶ 27. The record and the sentencing entry establish that the trial court made all the necessary findings required to impose consecutive sentences. We cannot find by clear and convincing evidence that the record does not support the trial court's findings relative to its imposition of consecutive sentences.

{¶ 17} We will note that appellant has not specifically challenged the imposition of consecutive sentences in case No. CR0201702617. Nevertheless, while the record supports the imposition of consecutive sentences, the judgment entry does not contain the necessary findings. For that reason, we will remand this case to the trial court to issue a nunc pro tunc entry that will include the findings that support the imposition of consecutive sentences in that case.

6.

{¶ 18} The appellant's second assignment of error is found not well-taken and denied but we will remand to the trial court to issue a nunc pro tunc entry in case No. CR0201702617.

{¶ 19} Appellant's first assignment of error contends that the trial court failed to comply with the directives of R.C. 2929.11 and 2929.12. Without addressing any of the specific sentences, appellant generally contends that the trial court did not properly consider all of the mitigating factors encompassed in R.C. 2929.12 and that he needed more time to be rehabilitated in a lesser restrictive environment.

{¶ 20} However, we have held that R.C. 2929.11 and 2929.12 are not applicable to a review of consecutive sentences. *State v. Taylor*, 6th Wood No. WD-19-009, 2020-Ohio-404, ¶ 12, citing *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16-18.

{¶ 21} Therefore, we find no merit in appellant's first assignment.

**Conclusion**

{¶ 22} We find both of appellant's assignments of error not well-taken and denied.

{¶ 23} Based on the foregoing, the judgments of the Lucas County Court of Common Pleas are affirmed but this case is remanded to the trial court to issue a nunc pro tunc entry in case No. CR0201702617. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                            JUDGE

Thomas J. Osowik, J.

                                      _____
Christine E. Mayle, J.                               JUDGE
CONCUR.

                                      _____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

9.