**[Cite as *State v. Santellana*, 2020-Ohio-5041.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No. L-19-1088

      Appellee                                     Trial Court No. CR0201802824

v.

Emilio Santellana                                **DECISION AND JUDGMENT**

      Appellant                                    Decided:  October 23, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Sarah Haberland, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Emilio Santellana, appeals from the March 25, 2019 judgment of

the Lucas County Court of Common Pleas convicting him, following a jury trial, of

aggravated burglary with a firearm specification, R.C. 2911.11(A)(2) and (B) and

2941.145(A), (B), (C), and (F).  The court sentenced appellant to serve nine years of

imprisonment and three additional years for the firearm specification. For the reasons which follow, we affirm.

{¶ 2} On appeal, appellant asserts the following assignments of error:

I. The trial court abused its discretion at sentencing, by failing to access all of the factors in accordance with R.C. 2929.11 and R.C. 2929.12.

II. The trial court abused its discretion in sentencing, by sentencing in a manner that was clearly and convincingly contrary to Ohio law.

III. The trial court erred in allowing into evidence inadmissible hearsay, denying appellant his constitutional right to confront witnesses.

{¶ 3} The following evidence was admitted at trial. The jury listened to the 911 call made by the victim on July 21, 2018. The victim stated he had been robbed at gunpoint by two men who kicked in his door and stole the victim's Xbox and PlayStation 4. He described the robbers as Hispanic and black males who wore masks over their heads and brandished guns. He further stated the men left in a black car and the victim indicated their direction of travel.

{¶ 4} A Toledo police officer who responded to the call testified he spoke to the victim shortly after the 911 call and found he was still in an excited state when he stated that two men dressed in black and wearing masks had entered his apartment through an unlocked door while he and a guest were present. The two men held the victims at gunpoint while the men stole items and then fled in a dark-colored, boxy SUV type vehicle. Another officer who took over the investigation visited the victim's home a

2.

short time later. The victim stated the men took an Xbox, other game consoles, a clear plastic bin filled with dog food, and a wallet. The victim described the intruders as a black male with braids and a Hispanic man, both wearing black clothing, and he indicated the men fled in a black, boxy SUV, perhaps a Jeep.

{¶ 5} Other officers observed the described vehicle about 35 minutes later and made a traffic stop. As the officers approached the vehicle, the driver sped away. Another patrol car pursued the vehicle at a high rate of speed throughout the residential area for about ten minutes through stop signs and red traffic lights. Eventually, the occupants were apprehended when the Jeep crashed into a bridge abutment. Appellant was the driver of the Jeep. A recording of the chase was submitted to the jury.

{¶ 6} A second 911 call was received from a bystander who observed an occupant of the black vehicle being chased by the police throw a gun from the car. Another officer spoke with the bystander and photographed the area before retrieving the gun from the sidewalk and removing ammunition from the gun. Insufficient DNA was recovered from the gun for testing. The gun was also test fired and determined to be inoperable. However, the investigating officer testified the gun could have been damaged after having been thrown from the vehicle during the chase. He further testified he would have requested a trace on the ownership of the gun, but could not recall if it was ever completed.

{¶ 7} The items described by the victim were found in the vehicle. The victim was also taken to the scene where he could not identify appellant, but did identify the

3.

necklace appellant was wearing as the victim's necklace. Appellant was photographed shortly after the crash wearing the necklace. The car was registered to appellant's mother. Also found in the vehicle were what appeared to be sleeves cut from a t-shirt, which the investigating officer believed were used as masks. When appellant was removed from the vehicle, he was wearing a gray t-shirt and gray sweat pants. However, also found in the Jeep was a bag containing a black t-shirt and black tennis shoes which were not examined for DNA. The other occupant was wearing dark-colored clothing.

{¶ 8} In his first assignment of error, appellant asserts the trial court erred as a matter of law by failing to assess all of the factors enumerated in R.C. 2929.11 and 2929.12. He asserts that the trial court did not consider appellant was a youthful offender who had acknowledged his substance use dependency or that the current charges were the only adult felony offenses he had committed.

{¶ 9} Our standard of review is limited by R.C. 2953.08(G)(2) to whether the trial court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I) are supported by clear and convincing evidence in the record and whether the sentence is contrary to law.

{¶ 10} Before imposing a sentence the trial court must consider the record, any information presented at the hearing by the victim or defendant, a presentence investigation report, if prepared, and any victim impact statement made pursuant to R.C. 2947.051. R.C. 2929.19(B)(1).

4.

{¶ 11} If the trial court complied with the statutory policies governing felony sentencing by considering the factors set forth in R.C. 2929.11 (the principles and purposes of felony sentencing) and R.C. 2929.12 (the seriousness and recidivism factors) and determined a prison term is consistent with the principles and purposes of sentencing and imposed a sentence within the statutory range pursuant to R.C. 2929.14, the sentence is not clearly and convincingly contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, *abrogated by statute as stated in State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 16 (abuse of discretion standard of review rejected); *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15.

{¶ 12} Where the court does not expressly state that it considered the statutory sections or sentencing factors and appellant does not raise this issue at trial, we presume the trial court gave proper consideration to the factors unless the defendant shows otherwise on appeal. *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243; *Kalish* at ¶ 18, fn. 4; *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus; *State v. Smith*, 6th Dist. Sandusky No. S-14-037, 2015-Ohio-1867, ¶ 11. Therefore, the burden is on the defendant to prove otherwise. *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992); *State v. Magee*, 6th Dist. Sandusky No. S-18-029, 2019-Ohio-1921, ¶ 16. The trial court is not required to specify which statutory factors it found to support its determination and the appellate court cannot substitute its judgment

5.

for that of the trial court. *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 17-18.

{¶ 13} In this case, appellant was convicted of aggravated burglary, a felony of the first degree, with a firearm specification. Therefore, the trial court was required to impose an indefinite prison term with a stated minimum term of 3-11 years, R.C. 2929.14(A)(1)(a), and a maximum term as determined under R.C. 2929.144. The court imposed a nine-year sentence for the offense and a mandatory term of three years for the specification. The trial court stated it considered the presentencing report and heard from appellant's attorney about appellant's juvenile record, his young age, his lack of parental oversight, and his substance abuse dependency.

{¶ 14} While the trial court did not expressly state it was considering the factors of R.C. 2929.11 and 2929.12, the court discussed some of the facts applicable to the factors it was required to consider under these two statutory sections. The court found that appellant's failure to comply with an order or signal of a police officer was the worst form of the offense and endangered many vehicles and persons. Furthermore, the court found appellant's juvenile record to be "horrendous" and included juvenile felony adjudications. The trial court noted appellant is a youthful offender, but also that he was a repeat offender and that the use of a firearm in this case indicated recidivism was certain. During the trial, the trial court had noted that appellant displayed no regard or concern for the safety of others during the chase and had used a weapon to facilitate the robbery before discarding it in a neighborhood. The court determined that any sentence

6.

close to the minimum would fail to adequately protect the public from future crime and would offend the seriousness of the offenses. The trial court further stated that the only mitigating factor it found significant was appellant's age.

{¶ 15} The failure of the court to reference appellant's alleged substance use dependency, does not establish that the court did not consider it during its evaluation of the sentence. Upon a review of the record, we find the court considered the statutory sentencing factors and, therefore, the sentence was not contrary to law. Appellant's first assignment of error is found not well-taken.

{¶ 16} In his second assignment of error, appellant argues the trial court abused its discretion in sentencing. He argues the trial court never considered that: there were two perpetrators in this case and no evidence regarding who was the primary aggressor; the victim only identified appellant by the necklace he was wearing; the gun was inoperable; and appellant was young and had a substance use dependency.

{¶ 17} Again, our standard of review on appeal is whether the sentence was contrary to law. *State v. Steck*, 6th Dist. Wood No. WD-13-017, WD-13-018, 2014-Ohio-3623, ¶ 14. As found above, there is nothing in the record to support a finding that the trial court did not consider the factual evidence in this case and facts relating to appellant before imposing a sentence. Therefore, appellant's second assignment of error is found not well-taken.

{¶ 18} In his third assignment of error, appellant argues the trial court erred in allowing into evidence inadmissible hearsay, denying appellant his constitutional right to

7.

confront witnesses. He asserts the testimony of the officers regarding the homeowner's statements made to them was inadmissible hearsay and went beyond what was necessary to explain their investigation. The essence of appellant's argument is that the victim did not testify and his statements made to the police should not have been admissible under the Confrontation Clause.

{¶ 19} We review the admission of hearsay under an abuse of discretion standard, but alleged errors involving the Confrontation Clause are reviewed de novo. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 97.

{¶ 20} The Sixth Amendment Confrontation Clause guarantees the right of a defendant in a criminal action "to be confronted with the witnesses against him." Therefore, the clause bars the use of testimonial statements made, from an objective point of view, "'"for a primary purpose of creating an out-of-court substitute for trial testimony."'" *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 87, quoting *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 40, quoting *Michigan v. Bryant*, 562 U.S. 344, 358, 131 S.Ct. 1143, 179 L.Ed.2d 93 (2011). *See also Ohio v. Clark*, 576 U.S. 237, 246, 135 S.Ct. 2173, 192 L.Ed.2d 306 (2015) (citations omitted). Such out-of-court testimonial statements are generally inadmissible under the Confrontation Clause unless the declarant is unavailable and the defense has had a prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177; *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 214.

{¶ 21} Under the primary purpose test, we consider whether the statements were "made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency" rather to "establish or prove past events potentially relevant to later criminal prosecution." *State v. Siler*, 116 Ohio St.3d 39, 2007-Ohio-5637, 876 N.E.2d 534, ¶ 30, adopting *Davis v. Washington*, 547 U.S. 813, 822, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006). Furthermore, a 911 call made to describe "current circumstances requiring police assistance" rather than to prove a past fact is not testimonial and, therefore, does not violate the Confrontation Clause. *Davis* at 827; *Toledo v. Green*, 6th Dist. Lucas No. L-14-1093, 2015-Ohio-1864, 33 N.E.3d 581, ¶ 11; *State v. Jacinto*, 8th Dist. Cuyahoga No. 108944, 2020-Ohio-3722, ¶ 71.

{¶ 22} In the case before us, appellant challenges the admission of the officers' testimonies regarding three out-of-court statements made by the victim: 1) to the responding officer shortly after the robbery; 2) to an investigating officer who interviewed the victim at his home a short time later; and 3) to an officer when appellant was apprehended approximately 45 minutes later, which identified the necklace appellant was wearing as the victim's stolen necklace.

{¶ 23} We find that all three statements were made in the course of the investigation of the emergency by the police to provide the officers with the information needed to apprehend the robbers. Therefore, none of the statements violated the Confrontation Clause.

9.

{¶ 24} Next, we consider where these same statements were inadmissible under Ohio's evidentiary rules as hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay is inadmissible unless it falls under a specific exception. Evid.R. 802. Evid.R. 803(1) permits the admission of a present sense impression, "[a]statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter unless circumstances indicate lack of trustworthiness." Evid.R. 803(2) permits the admission of an excited utterance, "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Both types of statements must have been made "at the time of the event or shortly thereafter, the minimal lapse of time between the event and statement reflects an insufficient period to reflect on the event perceived—a fact which obviously detracts from the statement's trustworthiness." *Cox v. Oliver Mach. Co.*, 41 Ohio App.3d 28, 36, 534 N.E.2d 855 (12th Dist.1987). *See also State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, ¶ 100; *State v. Singleton*, 2nd Dist. Montgomery No. 26889, 2016-Ohio-5443, ¶ 44.

{¶ 25} Furthermore, when a law-enforcement officer testifies as to an out-of-court statement to explain the course of an investigation, the statement is not being used for the truth of the matter asserted and, therefore, is not hearsay. *State v. Thomas*, 61 Ohio St.2d 223, 232, 400 N.E.2d 401 (1980); *Davis*, 547 U.S. at 822, 126 S.Ct. 2266, 165 L.Ed.2d

10.

224. However, such testimony must meet three criteria: "(1) the conduct to be explained is relevant, equivocal, and contemporaneous with the statements, (2) the probative value of the statements is not substantially outweighed by the danger of unfair prejudice, and (3) the statements do not connect the accused with the crime charged." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 172 citing *State v. Ricks*, 136 Ohio St.3d 356, 2013-Ohio-3712, 995 N.E.2d 1181, ¶ 27. Generally, a 911 call is admissible as excited utterances or present sense impressions, exceptions to the hearsay rule. *State v. Jacinto*, 8th Dist. Cuyahoga No. 108944, 2020-Ohio-3722, ¶ 75.

{¶ 26} Appellee asserts it sought to admit the out-of-court statements as non-hearsay because they were not offered for the truth of the matter asserted but to establish the course of the police investigation.

{¶ 27} We find this argument unpersuasive. We agree these three statements in part establish why the police officers became interested in appellant's vehicle and attempted to stop it. However, the state also introduced the statements to establish the victim was robbed, what items were stolen, and to connect appellant to the crime. Therefore, the statements were intended to be used to prove the truth of the matter at issue and were hearsay.

{¶ 28} We next consider appellee's argument that the statements made to the police were admissible as present sense impressions and excited utterances, exceptions to the hearsay rule under Evid.R. 803(1) and (2).

11.

{¶ 29} The statements describing the robbery and the stolen property shortly after it happened while the victim was still upset and for purposes of providing the officers with the information necessary to apprehend the robbers and identify the victim's stolen property. Furthermore, the statement identifying the victim's necklace was also made at the moment the victim saw it while he was still under stress of excitement from the robbery and police chase. We find that all of these statements were properly admitted under both the present sense impressions and excited utterances exceptions. Accordingly, we find appellant's third assignment of error not well-taken.

{¶ 30} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                _____

                                                     JUDGE

Thomas J. Osowik, J.        

                                                     _____

Gene A. Zmuda, P.J.                                                JUDGE
CONCUR.

                                                       _____

                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.