[Cite as *State v. Kenney*, 2022-Ohio-2977.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                  Court of Appeals No.  L-21-1239

       Appellee                                           Trial Court No.  CR0202002336

v.

Brian Keith Kenney                                     **<u>DECISION AND JUDGMENT</u>**

       Appellant                                          Decided:  August 26, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Laurel. A. Kendall, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Defendant-appellant, Brian Kenney, appeals the October 29, 2021 judgment of the Lucas County Court of Common Pleas, convicting him of two counts of attempted felonious assault and sentencing him to 24 months' imprisonment on each count, to be served consecutively.  For the following reasons, we affirm the trial court's judgment.

## I.    Background

{¶ 2} Brian Kenney was indicted on two counts of felonious assault, violations of R.C. 2903.11(A)(1) and (D), second-degree felonies (Counts 1 and 4); rape, a violation of R.C. 2907.02(A)(2) and (B), a first-degree felony (Count 2); and kidnapping, a violation of R.C. 2905.01(A)(3) and (C), a first-degree felony (Count 3).

{¶ 3} On October 7, 2021, Kenney entered into a plea agreement with the state, pursuant to which he would enter a plea of guilty under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) to amended Counts 1 and 4, attempt to commit felonious assault, violations of R.C. 2923.02 and 2903.11(A)(1) and (D), third-degree felonies.  In exchange, the state agreed to dismiss Counts 2 and 3 and to recommend concurrent sentences.  The trial court accepted Kenney's plea, made a finding of guilty, ordered a presentence investigation, and continued the matter for sentencing.

{¶ 4} The sentencing hearing took place on October 28, 2021. The court imposed prison terms of 24 months on each count, to be served consecutively for a total of 48 months, and up to three years' mandatory postrelease control.  The conviction and sentence were memorialized in a judgment journalized on October 29, 2021.

{¶ 5} Kenney appealed.  He assigns one error for our review:

2.

The trial court erred to the prejudice of appellant by imposing consecutive sentences over the state's recommendation for concurrent sentences, without to promote [sic] effective rehabilitation of the offender using the minimum sanctions necessary to protect the public and punish the offender.

## II. Law and Analysis

{¶ 6} Kenney's single assignment of error challenges the trial court's imposition of consecutive sentences. Kenney acknowledges that we review challenges to felony sentences under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 7} Because Kenney's challenge concerns the trial court's imposition of consecutive sentences—imposed under R.C. 2929.14(C)(4)—R.C. 2953.08(G)(2)(a) applies. To modify or vacate consecutive sentences under R.C. 2953.08(G)(2)(a), we

3.

must clearly and convincingly find that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).

{¶ 8} Under R.C. 2929.14(C)(4), where a trial court imposes multiple prison terms for convictions of multiple offenses, it may require the offender to serve the prison terms consecutively if it finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and if it also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

4.

**{¶ 9}** In other words, this statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 158 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. It must find that (1) consecutive sentences are necessary to protect the public or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original.) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. While "a word-for-word recitation of the language of the statute is not required," a reviewing court must be able to discern that the trial court engaged in the correct analysis and the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29.

**{¶ 10}** The trial court made all three findings at both the sentencing hearing and in the judgment entry. It found that consecutive sentences are necessary to protect the public or to punish the offender, consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public, and both R.C. 2929.14(C)(4)(b) and (c) applied.

**{¶ 11}** According to the record, as to Count 1, on September 24, 2020, Kenney smashed a glass bottle over the head of his on-again-off-again girlfriend, R.D., then

5.

stabbed her in the arm and shoulder with an unknown object, resulting in her being transported by life squad to St. Vincent Hospital for medical treatment. As to Count 4, on August 23, 2020, R.D. awoke in the hospital and remembered only that Kenney had strangled her several times, over the course of days, to the point of her losing consciousness. The victim ultimately refused to cooperate with the state in prosecuting Kenney.

{¶ 12} Given the violent nature of Kenney's conduct and the injuries he inflicted on the victim, the record supports the trial court's findings that consecutive service is necessary to protect the public from future crime or to punish Kenney and that consecutive sentences are not disproportionate to the seriousness of Kenney's conduct and to the danger he poses to the public.

{¶ 13} The record also supports the trial court's findings under R.C. 2929.14(C)(4)(b) and (c). As to (b), Kenney assaulted the victim multiple times over the course of a month and the victim twice required medical treatment for the injuries he inflicted. As to (c), the PSI reveals that Kenney has an extensive criminal history consisting of eight felony convictions and 50 misdemeanor convictions as an adult. Among those convictions are numerous offenses of violence. Accordingly, the record supports the trial court's findings that two of the multiple offenses were committed as part of a course of conduct, and that the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of Kenney's conduct *and* that

6.

Kenney's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.

{¶ 14} Kenney emphasizes that the general rule is that multiple prison sentences should be served concurrently. However, this general rule is subject to exception under R.C. 2929.14(C). The trial court properly imposed consecutive sentences under R.C. 2929.14(C)(4).

{¶ 15} Kenney also complains that the trial court ignored the state's recommendation that his sentences be served concurrently. But the trial court clearly advised Kenney at his plea hearing that it was not obligated to accept the state's recommendation. This is consistent with Ohio law. *See State v. Michalak*, 6th Dist. Lucas No. L-19-1170, 2020-Ohio-4543, ¶ 9, quoting *State v. Harder*, 6th Dist. Ottawa No. OT-14-005, 2015-Ohio-795, ¶ 7 ("It is well-accepted that '[a] trial court is not bound to accept the state's recommended sentence in a plea agreement,' and '[a] trial court does not err in imposing a sentence greater than that recommended by the state under a negotiated plea agreement where the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'"). The record in this case reflects the trial court informed the appellant at the plea hearing that it was not bound by the parties' sentencing recommendation.

7.

{¶ 16} Finally, Kenney contends that there were numerous other factors that weighed against the imposition of consecutive sentences, such as (1) the victim's mental health problems; (2) that fact that the victim recanted and refused to cooperate with the state; (3) Kenney's mental health problems, including his diagnoses of schizophrenia and depression; (4) the fact that he has maintained his innocence; and (5) the difficulty the state would have had to meet its burden had the matter proceeded to trial. While some of these factors may be pertinent to the trial court's considerations under R.C. 2929.11 and 2929.12—considerations that are not raised in Kenney's assignment of error and are not reviewable on appeal under *State v. Jones*, 163 Ohio St.3d, 2020-Ohio-6729, 169 N.E.3d 649—they are not pertinent to the trial court's decision to impose consecutive sentences. *See State v. Watson*, 6th Dist. Lucas No. L-19-1126, 2020-Ohio-4705, ¶ 20 ("R.C. 2929.11 and 2929.12 are not applicable to a review of consecutive sentences."). The trial court made the required findings under R.C. 2929.14(C)(4) and those findings are supported by the record.

{¶ 17} We find Kenney's single assignment of error not well-taken.

### III.    Conclusion

{¶ 18} The trial court made all the required findings and properly imposed consecutive sentences under R.C. 2929.14(C)(4). Kenney has failed to show that the court's findings were clearly and convincingly not supported by the record. We find Kenney's sole assignment of error not well-taken and affirm the October 29, 2021

8.

judgment of the Lucas County Court of Common Pleas.  Kenney is ordered to pay the

costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                       JUDGE

Christine E. Mayle, J.

                              _____
Gene A. Zmuda, J.                    JUDGE
CONCUR.

                              _____
                                       JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.